Wilson, &c. *vs.* Barnes.

ERROR TO ESTILL CIRCUIT.

Judge CRENSHAW delivered the opinion of the court.

1. Upon a covenant to an attorney to pay him a reasonable fee *for defending* the defendant on a criminal charge, nothing more can be recovered than nominal damages, unless it be averred that he *did* *defend*, or special damage be alleged and admitted or proved.

2. According to article 3, page 80, of the code of practice, if the defendant fail to appear, the court may give judgment without a jury, if the facts alleged justify a judgment for plaintiff.

3. In rendering judgment on a note or covenant to pay money, the error of the clerk in stating the time from which interest is to run, is a clerical error, and the court of appeals will not now reverse for such error, unless a motion has first been made to the inferior court to have it corrected. (*Code of Practice*, §478.)

This is an ordinary proceeding by petition under the Code of Practice, upon the following instrument of writing :

"Twelve months after date, we or either of us "promise to pay Sidney M. Barnes one hundred dol- "lars ; and we further agree that, in the event the un- "dersigned Simpson Wood, Abram Noland, Sampson "Wilson, Thomas J. Stone, and Robert Harris are "found guilty under the warrant for burglary, now "pending for trial in the circuit court for Estill coun- "ty, that we then, and in that event, agree to pay "such other and additional fee to said Barnes to de- "fend said persons as will be reasonable. 5th of Ju- "ly, 1850."

This instrument is signed by the said Simpson Wood and others, and also by Josiah Harris, Fielding P. Wood, and Anderson S. Wilson. Process was executed on part of the obligors only, and, at the April term, 1852, judgment was rendered against the defendants who were served with process, and the suit continued as to the others.

The petition alleges, among other things, that the said persons, under arrest for burglary, were found guilty before the court of inquiry, and sent on for fur-

ther trial in the Estill circuit court, and were there indicted by a grand jury, but that they were still at large, not having been arrested; and that the plaintiff is a lawyer, and ready and willing and able to defend such persons as an attorney at law, and offers to defend them in the Estill circuit court at any time they may appear; and that, in addition to said sum of $100 mentioned in said covenant, he is entitled reasonably to recover the further sum of $150 *to defend said persons in the Estill circuit court.*

The defendants who were served with process did not appear to the action, and the court, without the intervention of a jury, rendered judgment against them not only for the said sum of $100 mentioned in the covenant, but also for the sum of $150, which was alleged to be a reasonable fee to defend the accused in the circuit court.

The first question is, whether under the allegations of the petition any judgment for the stipulated additional fee could be had, and, if so, was it proper for the court to render such judgment without a jury.

No special damages are alleged, but the plaintiff goes for the full sum of $150, alleged by him to be a reasonable additional fee to defend the accused in the circuit court. This additional fee was to be paid for the *services* of Barnes in defending the accused in the circuit court—the rendition of these services was a condition precedent to the payment of the additional fee. A promise to pay a fee "to defend," is a promise to pay for the services in the defense, and, until such services are performed, a full, reasonable fee to be paid *for* the services, cannot be recovered. As no special damage is alleged or appears, resulting from attendance at court to make defense, &c., nominal damages only could be recovered on that part of the covenant stipulating for an additional fee.

1. Upon a covenant to an attorney to pay him a reasonable fee *for defending* the defendant on a criminal charge nothing more can be recovered than nominal damages, unless it be averred that he *did defend,* or special damage be alleged and admitted or proved.

According to article 3, page 80, of the Code of Practice, a trial by jury may be waived by a party in actions on contract by failing to appear at the trial. The defendants in this case failed to appear, and it

2. According to article 3, page 80, of the Code of Practice, if the defendant fail to appear,

the court may give judgment without a jury, if the facts alleged justify a judgment for plaintiff.

was in the power of the court to give judgment without a jury ; and if the allegations of the petition had shown a state of case in which the plaintiff was entitled to recover the stipulated additional fee, the judgment of the court below would not be disturbed for want of a jury. This is a writ of error, and whether the court took the allegations of the petition as confessed for want of an answer, or heard proof in regard to the additional fee, and what would be reasonable, does not appear. And, whether the court, without such proof, upon the mere allegation that $150 was a reasonable fee, would be authorized to take the allegations as true, in the absence of an answer, had the petition shown a right to recover the stipulated additional fee at all, need not be decided. What would have been a reasonable fee, had the accused been tried and defended, is certainly mere matter of opinion, about which different individuals might well differ in opinion, and the propriety of giving judgment in such a case without proof might be very questionable.

3. In rendering judgment on a note or covenant to pay money, the error of the clerk in stating the time from which interest is to run, is a clerical error, and the court of appeals will not now reverse for such error, unless a motion has first been made to the inferior court to have it corrected. (*Code of Practice,* § 478.)

The judgment for the $100 mentioned in the writing sued on is made to bear interest from the date of the writing, when interest should only have been given commencing twelve months after its date. But this we esteem a clerical misprision, and, by virtue of the 478th section of the Code, page 99, a misprision of a clerk is no ground for an appeal or writ of error, until the same has been presented and acted upon by the court below, which was not done in this case.

But, for the error in rendering judgment for said sum of $150, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.

*Smith,* for plaintiffs ; *Barnes,* for defendant.